United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40159
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS VILLARREAL-MARTINEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-85-ALL
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Jose Luis Villarreal-Martinez ("Villarreal") appeals his conviction and sentence, following a jury trial, for illegally re-entering the United States after having been deported and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 77 months in prison and three years of supervised release. For the first time on appeal, Villarreal contends that, under United States v. Booker, 125 S. Ct. 738 (2005), the district court violated his Sixth Amendment rights by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing a 16-level Sentencing Guidelines increase based on his aggravated-felony conviction, without submitting that factor for proof to the jury.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that, "'[o]ther than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (emphasis added). In Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), the Supreme Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." In Booker, 125 S. Ct. at 756, the Supreme Court extended the Blakely holding to the Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt." (emphasis added). The Court excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the guidelines effectively advisory rather than mandatory. Id. at 764-65. Under Booker, district courts are still required to consider the guidelines, and Booker applies to this direct appeal. See id. at 757-69.

A challenge under Booker that is raised for the first time on appeal, like Villarreal's, is reviewable only for plain error. United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (Mar. 31, 2005). Villarreal has not

established error, plain or otherwise, with respect to the Sentencing Guidelines in his case, because "<u>Booker</u> explicitly excepts from Sixth Amendment analysis" the fact of a prior conviction.  <u>See</u> <u>United States v. Guevara</u>, ___ F.3d ___, No. 03-11299 (5th Cir. May 2, 2005), 2005 WL 1009772 at *6.

The conviction and sentence are AFFIRMED.